## CHARLES H. MCGILLICUDDY

*vs.*

## A CERTAIN HORSE, JONAS EDWARDS, OWNER.

Sagadahoc.    Opinion April 9, 1902.

*Lien    Jurisdiction.    Municipal Court.    Stat. 1901, c. 262 ; R. S., c. 91, §§ 41, 48, 51, 55, 56.*

A petition to enforce a lien for board of a horse is purely a proceeding in rem, and the jurisdiction given to a municipal court to enforce such a lien, by R. S., c. 91, § 56, is not limited by ch. 262 of the Public Laws of 1901, relating to jurisdiction of municipal courts in civil matters.

Such a petition may be enforced by a municipal court in the county where the petitioner resides, although the owner of the horse does not reside in that county.

Exceptions by claimant.    Overruled.

Petition to enforce a lien on a horse the property of Jonas Edwards, of Auburn, Androscoggin county, for food and shelter under R. S., c. 91, § 41, as amended by statute of 1887, c. 1, and begun in the Bath Municipal Court, where the claimant moved its dismissal for want of jurisdiction by that court. His motion was overruled and the lien sustained. The claimant appealed to this court, sitting at nisi prius, where the motion to dismiss was overruled. He then brought the case to the law court, upon exceptions to the overruling his motion.

*F. L. Staples,* for plaintiff.
*Tascus Atwood,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POW-
ERS, SPEAR, JJ.

SAVAGE, J. Petition to enforce a lien for board of a horse. The
sole question presented by the bill of exceptions is whether, since the
enactment of c. 262 of the Laws of 1901, a municipal or police
court has jurisdiction of proceedings to enforce liens for pasturing,
feeding or sheltering animals, under R. S., c. 91, § 41, in cases
where the alleged owner of the animals does not reside within the
county within which such court is established. The act of 1901 in
question provides that "a municipal or police court shall not have
jurisdiction in any civil matters unless the defendant resides within
the county in which such court is established," with other alternative
provisions not material here.

We think the act of 1901 does not limit the jurisdiction given to
municipal and police courts by R. S., c. 91, § 56, to enforce liens of
this character. A petition to enforce such a lien is purely a proceed-
ing in rem. No personal judgment is rendered against the owner of
the animal, except for costs. The issue to be adjudicated is whether
the petitioner has a lien or not. And if he has, the amount for
which he has a lien is determined, and the animal is ordered to be
sold to pay the claim and costs. No execution issues against the
goods or estate of the owner. To be sure, § 51 of the same chapter
provides that if, after notice, the owner appears, "the proceedings
shall be the same as in an action on the case in which the petitioner
is plaintiff and the party appearing is defendant." This relates to
procedure merely. The owner in such case is really a respondent or
claimant, rather than a defendant, as that term is used in legal pro-
ceedings. Hence the statute of 1901 is not in terms properly appli-
cable to this proceeding. Nor is it applicable in spirit.

The venue in proceedings to enforce such liens is fixed by § 48 of c.
91, R. S., which provides that "the person claiming the lien may file, in
the supreme judicial or superior court in the county where he resides"
a petition for the enforcement of the same. The venue is fixed
regardless of the residence of the owner. So by § 55, even trial
justices for the county where the person having the lien resides have

jurisdiction of cases of liens for less than twenty dollars, regardless of the residence of the owner. By § 56, municipal and police courts are given jurisdiction concurrent with the supreme judicial and superior courts, and trial justices. Though no mention is made of venue, undoubtedly municipal and police courts have jurisdiction only when the supreme judicial or superior courts or trial justices would have, and that is, in the county where the person claiming the lien resides. The jurisdiction is concurrent, and exists under precisely the same conditions in one case that it does in the other. The evident intent of the statute is that the residence of the lienor, and not that of the owner, shall determine the venue. It does not require the lienor, having the animal in possession, to go to remote counties, nor to wait for distant terms of the court in those counties, in order to enforce his lien. Such a requirement would greatly impair the usefulness of the statute, for while the lien procedure slumbers, the animal continues to eat at the expense of another than its owner. The statute recognizes the truth that the remedy, to be efficacious, must be prompt and convenient. The statute of 1901 should not be extended beyond the reasonable interpretation of its terms to impair this remedy.

We think, therefore, that neither the language nor the apparent purpose of c. 262 of the Laws of 1901 require us to hold that that act is a limitation of the jurisdiction of municipal and police courts under R. S., c. 91, § 56.

*Exceptions overruled.*