ANNIE L. SLINGERLAND v. TEUNIS S. SLINGERLAND.[1]

January 7, 1910.

Nos. 16,342—(142).

**Action to Annul Antenuptial Contract.**

In an action by a wife to cancel a purported antenuptial contract, the complaint states a cause of action when it alleges that after a common-law

[1] Reported in 124 N. W. 19.

marriage, with the promise of a future public ceremonial marriage, the plaintiff became pregnant, ill and distressed, and while in that condition, without reading or comprehending the same, signed the contract at the request of the defendant, her husband.

**Same.**

The invalidity of the contract depending upon extrinsic facts, an action may be maintained to establish such facts and for cancellation of the contract.

**Same — During Husband's Life.**

The action may be maintained during the life of the husband, while the wife's rights in his property are still inchoate.

**Same — Statute of Limitations.**

The validity of such a contract may be questioned whenever any right claimed to be derived from it is asserted, and an affirmative action to annul the contract will not be barred by the statute of limitations.

Action in the district court for Dodge county to cancel and deliver the instrument mentioned in the opinion. Defendant demurred to the complaint on the ground that it appeared upon its face it did not state facts sufficient to constitute a cause of action. From an order, Buckham, J., overruling the demurrer, defendant appealed. Affirmed.

*George A. Norton, Lord & Ronken,* and *Brown, Abbott & Somsen,* for appellant.

Plaintiff seeks equitable relief against an imaginary future injury; against which, if it shall ever present itself, she has an adequate protection; there is no claim of any purpose to record the instrument in question or that defendant has conveyed or intends to convey any property, real or personal, or even that defendant now owns any real property or any kind of property which he might not dispose of regardless of this contract. The possible future interests of plaintiff are in no way menaced by any past or proposed action of defendant. The contract is ambulatory and must remain so until the death of one of the parties, when the interests of the other and all parties in whose behalf the agreement was made, if it should prove to be an antenuptial contract, will arise. Neither the subject

matter, nor the parties to be affected thereby, can be known until then. When that time comes, whether the contract be valid or void, all parties will have a complete legal remedy and protection; then there will exist a cause of action, and because not until then does the cause accrue, the statute does not run; adverse possession does not operate, nor can there be any charge of laches, if plaintiff has any rights. Lucas v. White, 120 Iowa, 735.

The claim that the plaintiff now has, during the life of defendant, a cause such as is asserted here, involves the claim that such cause accrued when the fraud was committed, or became known to plaintiff, and from that the concession that it will be barred by the six years limitation fixed by R. L. 1905, § 4076, must follow, and that claim cannot be made without the concession.

No cause of action on the contract exists, or ever has existed, but should there ever be any attempt to enforce it against the plaintiff, after the death of defendant, notwithstanding its alleged illegality and invalidity, by any party who may claim an interest, plaintiff's remedy will be at hand, and not until then, because not until then can there by any menace of, or any party to menace, her rights.

*S. R. Child, Benjamin Drake,* and *Lind, Ueland & Jerome,* for respondent.

O'BRIEN, J.

The complaint, a demurrer to which upon the ground of no cause of action was overruled by the district court, alleged: That in 1889, when the plaintiff was twenty three and the defendant sixty seven years of age, and with a promise by defendant that upon the termination of certain litigation a public ceremonial marriage would be celebrated, they entered into a secret marriage. That in January, 1890, the plaintiff became pregnant, and thereafter was ill, mentally distressed, and anxious for the performance of the promised marriage ceremony, which was constantly being delayed by the defendant. That on May 20, 1890, the plaintiff, at defendant's request, but without reading, having read to her, or comprehending the same, signed what purported to be an antenuptial contract, a

copy of which was attached to the complaint, and whereby, in con-
sideration of $5,000, which has never been paid, the plaintiff re-
linquished all her rights in the defendant's property and estate, but
that the contract was never legally delivered. The complaint fur-
ther alleged the subsequent public solemnization of marriage, the
birth of several children, and that for many years by mutual consent
and agreement the contract was treated by the parties as rescinded
and revoked, but that within the last two years the defendant has
repeatedly claimed that the contract was a subsisting and valid agree-
ment, of which his lawyer had a copy, to be asserted in case of his
death. The complaint also contained allegations as to the trust and
confidence reposed in the defendant by plaintiff at the time of the
execution of the instrument, and asked judgment that it be declared
void and canceled.

1. The complaint states a cause of action. If, as alleged, the par-
ties were husband and wife when the contract sought to be set aside
was signed, it is void; but that, as well as the allegation that it was
by mutual agreement subsequently rescinded, may be traversed, and
inasmuch as neither appears upon the face of the complaint this case
is not within the line of authorities which hold that an action will
not lie to set aside an instrument a mere inspection of which es-
tablishes its invalidity. Maloney v. Finnegan, 38 Minn. 70, 35 N.
W. 723; Baldwin v. Canfield, 26 Minn. 43, 1 N. W. 261, 276.

If the contract was never delivered, that may be an additional
ground for declaring it of no effect; but the complaint also alleges
that the defendant claims it to be a valid and subsisting contract,
which must include a claim upon his part of valid delivery. If the
complaint alleged a valid contract, it would then state no cause of
action; but it seems false logic to say, because extrinsic facts are al-
leged which, if true, render an apparently valid instrument invalid,
that no grounds are furnished for setting it aside.

2. The plaintiff may maintain this action now, although she has
no present right in the defendant's property, and although the con-
tract has never been recorded nor has the defendant affirmatively act-
ed upon it. Courts are established, and law and equity administered,
for the purposes of justice in the adjustment of differences between

man and man. The plaintiff asserts that she is in possession of all her rights as the wife of the defendant, as those rights are secured to her by the laws of the state. The defendant, she alleges, denies that she is so situated, and bases his denial upon a certain written instrument, which she alleges is invalid. Her rights in defendant's property are, it is true, inchoate and susceptible of change; but she has a present right to have determined the validity of an instrument which she sufficiently alleges she was unduly influenced to execute. In addition it would seem that now, while the parties to the instrument are alive and capable of testifying fully to the facts, is the appropriate time for the adjustment of this controversy.

3. The complaint alleges acts by defendant and circumstances which, if true, constitute undue influence, which is always a species of fraud. Graham v. Burch, 44 Minn. 33, 46 N. W. 148. In re Nelson's Will, 39 Minn. 204, 39 N. W. 143. A characterization of those acts as fraudulent would add little to the conclusions to be drawn from them; but the complaint does in the eleventh paragraph allege that the defendant, in procuring her signature, "wrongfully and fraudulently availed himself of his influence over the plaintiff."

4. The action is not barred by the statute of limitations. In the third assignment of error counsel for defendant argue that the plaintiff has no such interest in the property of her husband, during his lifetime, as gives her the right to assail the contract. This amounts to a claim that the action is prematurely brought, and, while we hold contrary to that contention, no one will say that after the death of defendant the plaintiff, if surviving, would not be at liberty to defend against any claim made under the contract. If her right to insist on the invalidity of the instrument will not be barred at a future day, how can it be barred to-day? Baker v. Kelley, 11 Minn. 358 (480); C. Aultman & Co. v. Torrey, 55 Minn. 492, 57 N. W. 211. The statute is described as one of repose. It can never make unassailable a void instrument, although if, by virtue of such instrument, possession of property has actually passed, or rights have been acquired, and the situation continues for the necessary period, the status quo will not be disturbed. The same reasoning applies to the claim that the plaintiff has been guilty of laches.

5. What has already been said as to the plaintiff's right to maintain this action at the present time disposes of the claim that she has an adequate remedy at law. It is far from clear that she would have an adequate remedy at law, if, surviving her husband, she was in the assertion of her rights confronted with the contract. Under our procedure, the differences in forms of actions being abolished, this objection to equitable relief must be clearly well taken before it will be permitted to defeat recovery. Fryberger v. Berven, 88 Minn. 311, 92 N. W. 1125.

Order affirmed.