## J. J. McCAUGHEY and Another v. ANNA L. WILSON.[1]

June 25, 1915.

Nos. 19,288—(191).

**Objection to bill of particulars.**
1. Under R. L. 1905, § 4151 (G. S. 1913, § 7777), evidence will not be excluded because a bill of particulars is verified by counsel instead of the party, it having been returned with only a general objection, and the defect, if any, being subject to remedy.

**Verdict sustained by evidence.**
2. The evidence sustains the finding that the plaintiffs performed legal services for the defendant under a contract of employment.

**Attorney and client — verdict not excessive.**
3. The verdict is not excessive.

Action in the district court for Dodge county to recover $25,000 for services rendered defendant. The case was tried before Child-

1 Reported in 153 N. W. 310.

ress, J., and a jury which returned a verdict for $5,000. From an order denying her motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Henry Deutsch* and *Charles G. Laybourn,* for appellant.

*Edgerton & Dohs* and *Charles M. Start,* for respondent.

DIBELL, C.

Action to recover for legal services rendered by the plaintiffs to the defendant. There was a verdict for the plaintiffs. The defendant appeals from the order denying her alternative motion for judgment or for a new trial.

1. In response to a demand made shortly before the trial the plaintiffs furnished a bill of particulars verified by their attorney. It was returned upon the ground that it did not comply with the statute. At the trial defendant objected to the reception of evidence because of the failure to file a properly verified account. The statute requires a party, upon due demand, to furnish an account "verified by the affidavit of himself, or of some person having knowledge thereof, as in the case of a pleading." R. L. 1905, § 4151 (G. S. 1913, § 7777). Conceding that there was a defect of substance in the account because of the manner of verification, it was not a case for the exclusion of evidence. No specific objection was made to the account at the time. If the defendant wanted a verification by a party and was entitled to it there was an appropriate remedy. See 2 Dunnell, Minn. Dig. § 7645.

2. The plaintiffs are practicing attorneys. In 1904, according to their claim, the plaintiff McCaughey was employed by the defendant, then Mrs. Slingerland, to look after her affairs, and to advise with her concerning an ante-nuptial agreement many years before that time entered into between herself and her husband. Afterwards the plaintiff Edison, who had become professionally associated with McCaughey, was connected with the employment.

The litigation involving this ante-nuptial agreement is reported in this court in Slingerland v. Slingerland, 115 Minn. 270, 132 N. W. 326, and 109 Minn. 407, 124 N. W. 19.

The plaintiffs did not appear as attorneys of record, though it does

appear that they were available for such services as were required of them at the trial. They do not claim that they participated actively in the trial, or that such was the purpose of their employment. They claim that they investigated the law, did a large amount of preliminary work, looked up values, and gave such assistance as they might. Some of the more important features of their claims are corroborated.

The case was submitted to a jury, without objections to the charge of the court, and it rendered a verdict for the plaintiff. The trial court has approved it and we cannot see that the evidence does not sustain a finding that there was an employment.

3. The same is true as to the amount of the recovery. The verdict was for $5,000. Slingerland was a wealthy resident of the southern part of the state. The setting aside of the ante-nuptial agreement resulted in giving the defendant something like $500,000, one-third of Slingerland's estate. The plaintiffs claim that their pay was contingent. Unless the contemplated agreement was set aside, and unless the defendant survived her husband, there would be nothing. The work was protracted over something like six or seven years. The award, having the approval of the trial court, is sustained against the claim that it is excessive.

Some other matters are urged as error, but we do not find anything substantial in them.

Order affirmed.