### BEACH v BEACH

Ohio Appeals, 5th Dist, Fairfield Co

Decided Sept 23, 1937

Courtright & Courtright, Lancaster, for appellant.

Deffenbaugh & Miller, Lancaster, for appellee.

## OPINION

By SHERICK, J.

In 1931, Kitty W. Beach, plaintiff appellant, obtained a decree of divorce from the appellee, Clark J. Beach. In the course of that proceeding the parties entered into a separation agreement wherein it was stipulated in part that the plaintiff was to have the care, custody and maintenance of their two minor children. It was further covenanted that the husband was to pay the wife a monthly sum of $175 as alimony and for the maintenance of the children.

It was further agreed that if she remarried before the children arrived at legal age, such payments should cease, but that in such event the husband should pay the sum of $37.50 per month for each son until they reached their majority. This separation agreement was approved by the court and incorporated into and is a part of the decree of divorce. The sons have recently reached their majority. The mother has never remarried. The contract does not embrace a clause specially providing how much shall be paid in such a contingency. The crux of the parties' present difficulty is whether the sum of $100 or $175 is now due the wife each month.

In 1936, the defendant filed a motion asking for a modification of the decree. Upon a hearing thereof the request was denied for the reason that the court was without jurisdiction and authority to modify the terms of such an agreement when the same had by request and consent been incorporated into and made a part of the decree. This ruling is, of course. in conformity with the Ohio practice in such case.

Some months thereafter the defendant filed another motion. It is the order made thereon from which plaintiff appeals on a question of law. This last motion does not ask for a modification of the decree but that the contract or the judgment in which it is embodied be construed to mean that he is now required to pay the lesser sum of $100 per month and not the larger amount of $175.

It is maintained by the defendant that his application is permissible and justifiable under the provisions of §§12102-2 and 12102-3 GC; in other words, that the matter so presented is one for proper inquiry and direction under the Uniform Declaratory Judgments Act which Ohio has adopted, and which is in part contained in the code sections noted. Upon the other hand the wife asserts that invocation of this remedy is but to accomplish by circuitous action that which the law of this state does not countenance, to wit, a modification of the alimony contract or the decree approving it. The divorce court held with the defendant appellee, and construed the contract to mean that he was obligated to pay but $100 per month.

Before proceeding to consider the principal question, it may be first understood that it little behooves this court to determine what the trial court understood and what it intended to and did approve of when it embodied the separation agreement in its decree. That court is far more competent to announce what it understood that the parties intended to agree upon than is this court.

If it had a right as a declaratory court in this instance to construe the contract, it was no doubt warranted in its interpretation of its terms and intention. We do therefore refrain from an expression of opinion in that respect.

That part of the Declaratory Judgments Act above noted prescribes that a contract may be construed either before or after a breach thereof; and that an interested person may have determined any question of construction which affects his rights or other legal relations growing out of the same. It is also provided that a writing constituting a contract may be inquired of in like manner.

Whether a judgment, or rather an alimony agreement, carried into the decree of divorce, is a contract or a contractual obligation now merged in a judgment seems to us of little moment or concern because of the judgment's ultimate effect and the inquiry to which it may be subjected. It is pointed out by the appellee that the relief now asked is obtainable by other means, that is, he might have breached the contract and thereby placed himself in such a position as to be chargeable with contempt of court.

If such a course had been pursued the divorce court would have been compelled to construe the terms of the agreement

of which it approved. So the end sought in either case would be the same. This being true, it appears to this court that this is a fitting case for invocation of a declaratory decree fully warranted by the act. Its application to a settlement agreement carried into a decree is indeed a salutory remedy. If such were not true, then this court would be in the anomalous situation of encouraging a litigant to do an act perhaps contemptuous of a proper order of another tribunal. We are, therefore, of opinion that the remedy wisely chosen by the appellee is a proper one in his case, and of which we do approve. It is in no sense a request for a modification of the contract, but is only an application for construction of its terms.

Our attention has not been directed to, or have we been able to find, any American authority which bears upon declaratory judgments in this field, save **Walker v Walker, 132 Oh St 137, 5 NE (2d) 405,** which is not helpful. This pronouncement recites a situation where no uncertainty or controversy was actually shown to exist. A declaration would, therefore, have settled no controverted question. The court further predicates its refusal to grant relief upon the fact that a foreign court of competent jurisdiction had previously adjudicated the questions presented. Without doubt either reason was sufficient in itself to have fully warranted a refusal of a declaration of the parties' rights by the court, but such are not the facts in the controversy now before this court. Here is presented an actual uncertainty in the terms of the agreement as it appears in the decree, which a declaration has definitely settled. To have refused relief under sanction of §12102-6 GC, would arbitrarily have denied the rights and remedies recognized and provided by the previous sections of the act.

Borchard, in his recent treatise on that subject, page 367, has this to say:

Future Privileges or Benefits after Divorce. The dissolution of a marriage by divorce or separation may evoke circumstances whose practical solution lies in a declaration of the rights of the parties. Thus, by seeking a declaration, the divorced wife may determine whether or not she has dower rights in her ex-husband's property, whether she may withdraw a portion of the funds settled under a marriage agreement for the purposes of another trust, or whether by the fact of the divorce she has become absolutely entitled to the benefit of the marriage settlement in view of its special terms."

In support thereof certain Scotch, Irish and Australian reports are cited. Therefrom it is perceived that statutory rights growing out of marriage contracts, and anti-nuptial agreements after divorce have been considered as proper questions for a declaration of rights. If such may be inquired of, we perceive no special sanctity attaching to post-nuptial agreements, even when entered into in anticipation of a subsequent separation and decree of divorce which embodies the agreement therein.

It is the judgment of the court that the action is maintainable and that the trial court's construction of the agreement and the intention of the parties as disclosed therein is correct. It follows that the judgment is affirmed.

Judgment affirmed.

MONTGOMERY, PJ and LEMERT, J, concur.