Richard S. CHOATE

v.

Steven C. ADAMS et al.

Richard S. CHOATE

v.

Gary QUINTAL et al.

Supreme Judicial Court of Maine.

June 2, 1978.

Farris & Foley, P.A. by David P. Cullenberg, Gardiner (orally), for plaintiff.

Joseph O'Donnell, Augusta (orally), for defendants.

Nicholas M. Lanzilotta, Augusta (orally), for third party defendants.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

McKUSICK, Chief Justice.

In 1975 plaintiff Richard Choate, an electrical contractor, filed separate complaints in the District Court to enforce mechanics' liens against defendant Gary Quintal and defendants Steven and Rose Adams in accordance with the remedy provided in 10 M.R.S.A. § 3255 (Supp.1977). Pursuant to D.C.Civ.R. 73(b) defendant Quintal removed the first action to the Superior Court, where it was dismissed upon his motion on the ground that the District Court in the first instance lacked jurisdiction to enforce a mechanic's lien. Similarly, the District Court dismissed the *Choate v. Adams* litigation for lack of jurisdiction, a ruling which was affirmed by the Superior Court on appeal. Plaintiff filed a timely notice of appeal from each decision, and the cases were consolidated for briefing and oral argument before the Law Court.

We deny plaintiff's appeal in his action against the Adamses, and we dismiss as premature his appeal in his action against Quintal.

### Choate v. Adams et al.

The single issue presented for our consideration in the plaintiff's appeal in the *Adams* case is whether the District Court has jurisdiction to enforce the liens created by 10 M.R.S.A. § 3251 *et seq.* (1964), as amended (Supp.1977), commonly known as mechanics' liens, pursuant to the remedy provided in section 3255. We answer in the negative.

■ The District Court's general jurisdiction is defined by 4 M.R.S.A. § 152 (Supp. 1977), which in pertinent part provides that:

"The District Court shall possess the civil jurisdiction exercised by all trial justices and municipal courts in the State on September 16, 1961 . . . ."[1]

Prior to the date the District Court came into being, however, neither trial justices nor municipal courts had jurisdiction to entertain an action to enforce mechanics' liens. It is clear from an examination of the relevant statutes that then, as now, only the Superior Court had jurisdiction to entertain actions for their enforcement.

■ On September 16, 1961, chapter 178, section 38 of the 1954 Revised Statutes, as amended by P.L.1959, ch. 317, § 391, provided, in language for present purposes identical to that of 10 M.R.S.A. § 3255 (Supp. 1977) (the statute under which plaintiff Choate proceeded), that:

"The [mechanics'] liens mentioned [above] . . . may be preserved and enforced by action against the debtor and owner of the property affected and all other par-

ties interested therein, filed with the clerk of courts in the county where the house, building or appurtenances, wharf, pier or building thereon, on which a lien is claimed, is situated, within 90 days after the last of the labor or services are performed or labor, materials or services are so furnished, and not afterwards, . . . ."

The history of section 38 shows that the action therein authorized, and now contained in section 3255, could not be commenced in a municipal court or before a trial justice. Prior to the merger of law and equity in Maine in 1959, section 38 had read as follows:

"The [mechanics'] liens mentioned [above] may be preserved and enforced by *bill in equity* against the debtor and owner of the property affected and all other parties interested therein, *filed with the clerk of courts in the county where the house, building or appurtenances . . . on which a lien is claimed,* is situated . . . ." (Emphasis added) R.S.1954, ch. 178, § 38.

A "bill in equity" could only be commenced either in the Superior Court or in the Supreme Judicial Court, which at that time shared concurrent original jurisdiction in all cases and proceedings in equity. See R.S. 1954, ch. 107, §§ 2–37. Moreover, the phrase "clerk of courts" has the particular meaning of that clerk in a county who acts in that capacity both for the Superior and the Supreme Judicial Courts. *See City of Belfast v. City of Bath,* 137 Me. 91, 94, 15 A.2d 249, 250 (1940). That the legislature intended "clerk of courts" to have that meaning in section 38 was confirmed by the fact that it was a "bill in equity" that

---

1. Section 152 additionally provides that the District Court shall possess "original jurisdiction, concurrent with that of the Superior Court, of all civil actions in which neither damages in excess of $20,000 *nor,* except as herein provided, *equitable relief is demanded . . . ."* (Emphasis added) The District Court is empowered to grant equitable relief in certain specifically enumerated cases, not including actions to enforce mechanics' liens. Since an action to enforce a mechanics' lien is a request

for relief equitable in nature, *see, e. g., Andrew v. Bishop,* 132 Me. 447, 172 A. 752 (1934); *Shaw v. Young,* 87 Me. 271, 32 A. 897 (1895), the express limitation in section 152 upon the District Court's concurrent jurisdiction with the Superior Court applies. Plaintiff's complaint in the District Court prayed that the property against which he asserted his mechanic's lien be sold. He does not seriously contend that he did not demand equitable relief.

section 38 prescribed as the means for enforcing a mechanics' lien.[2]

Although the word "action" was later substituted for "bill in equity" in section 38 by P.L.1959, ch. 317, § 391, no substantive change in the statute was thereby intended. *See, generally,* Field & McKusick, *Maine Civil Practice* § 2.3 (1st ed. 1959). The purpose of the 1959 amendment was merely "to conform [section 38] to the terminology of the rules" of civil procedure, which provided for a single "civil action" upon the merger of law and equity in 1959. *Ibid.* The reference thereafter in section 38, and later in section 3255, to an "action" filed with the "clerk of courts" cannot be read as granting to trial justices and municipal courts, or after 1961 the District Court, jurisdiction to entertain the proceeding authorized by section 38.[3]

Plaintiff next contends that section 85 of chapter 178, as it read prior to September 16, 1961, *independently* gave municipal courts or trial justices jurisdiction to enforce mechanics' liens pursuant to section 38. That argument does not, however, withstand examination. Section 85 was located under a separate subheading of chapter 178 relating to liens on personal property or choses in action in the lienors' possession, and it is doubtful the extent to which it was ever intended to apply to other types of liens in chapter 178. In any event, even if section 85 were viewed as having had some more general applicability, the specific remedies provided for enforcing mechanics'

liens, contained in a separate and distinct grouping, controlled over the general remedies that were provided in sections 72–85 of chapter 178. *Cf. McGillicuddy v. Edwards,* 96 Me. 347, 52 A. 785 (1902).

The mechanic's lienor has a clear remedy in the Superior Court. We can find no warrant in the statutes delimiting the District Court's jurisdiction for the lienor to reject the wide-open door to the Superior Court, in the hope of finding some crack in the jurisdictional door of the District Court.

### Choate v. Quintal et al.

■ In the *Choate v. Quintal* appeal, plaintiff raises an argument identical to that in the Adams appeal regarding the District Court's jurisdiction to enforce mechanics' liens. We need not, however, reach the merits in plaintiff's appeal in the *Quintal* case. After removing the case against him to the Superior Court, defendant Quintal, as third-party plaintiff, brought a complaint naming as defendants the Depositors Trust Company and two officers of another corporation. In it, he alleged that Depositors Trust Company had unlawfully transferred funds in a bank account in his name to an account in a second bank and that the funds were later transferred by the second bank to an account in the name of the officers' corporation. On motion of each individual third-party defendant, the complaint against them was dismissed with prejudice. Although the complaint against

---

**2.** We note in further support of the textual argument that prior to September 16, 1961, the mechanic's lien statutes also provided that in the event multiple lienors were attempting to enforce their liens against the same property, any one of them could seasonably request a jury trial. See R.S.1954, ch. 178, § 41. Trial by jury was available then, as now, only in the Superior Court. See R.S.1954, ch. 107, § 32.

**3.** Plaintiff Choate elected to enforce the mechanics' liens claimed herein solely pursuant to section 3255. We are thus not called upon to decide whether the District Court has jurisdiction to enforce mechanics' liens by attachment pursuant to 10 M.R.S.A. § 3262 (Supp.1977), which provides:

"In addition to the remedy provided [in section 3255], the liens mentioned in sections 3251 to 3254 may be enforced *by attachment in actions commenced in any court having jurisdiction in the county where the property on which a lien is claimed is situated,* which attachment shall be made within 180 days after the last of the labor or services are performed, or labor, materials or service are furnished, and not afterwards, except as provided in section 3256." (Emphasis added) Our opinion herein is not to be read as suggesting that there *is* any jurisdiction in the District Court to entertain an action to enforce a mechanic's lien *by attachment.* In view of the considerable uncertainty surrounding that question, as well as the decision in the present appeal, it would seem advisable for parties to follow the section 3255 procedure in the Superior Court to avoid any doubt as to the validity of the lien enforcement proceedings.

Depositors Trust Company was never resolved, no certificate under Rule 54(b), M.R. Civ.P., was included in the record on appeal. Plaintiff Choate's appeal in the *Quintal* suit must, therefore, be dismissed as premature. *E. g., Quint v. Baxter*, Me., 330 A.2d 128 (1975).

 Even if plaintiff's appeal in the *Quintal* case were properly before us, Quintal's act of removing the case against him to Superior Court could not affect our disposition of plaintiff's appeal. The plaintiff last performed labor for and furnished materials to Quintal over 90 days before the removal. Plaintiff failed, therefore, to preserve his lien for enforcement by a timely action filed with the clerk of courts "within 90 days after the last of the labor or services were performed or labor, materials or services . . . so furnished . . . ." 10 M.R.S.A. § 3255 (1964).[4]

The entries must be:

Appeal in *Choate v. Adams et al.* denied; judgment affirmed.

Appeal in *Choate v. Quintal et al.* dismissed.

POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ., concurring.

---

**4.** Our opinion is not to be read as intimating a view on the question whether removal of an action from the District Court to Superior Court, as to which the District Court originally had no jurisdiction, operates to "cure" the jurisdictional defect. We reserve opinion on that issue for a case where the question is squarely before us for decision. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 173.7 (2d ed. 1970).