**Arno KNIGHT**

v.

**Joyce KNIGHT.**

Supreme Judicial Court of Maine.

June 6, 1978.

**604**

Calderwood, Ingraham, Gibbons & O'Rourke by Paul L. Gibbons (orally), Camden, for plaintiff.

Libhart, Ferris & Dearborn by N. Laurence Willey, Jr. (orally), Wayne P. Libhart, Brewer, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

The defendant has appealed from a Superior Court judgment in which she was ordered to execute a quitclaim deed and deliver the same to the plaintiff on receipt of $8,000.00, thus presumably enforcing a District Court divorce judgment which, among other things, contained the following:

> "The Court finds there is marital property of the parties of a value of $16,000. consisting of homestead real estate situated in Lincolnville, Waldo County, Maine, deed to which real estate runs from Arnie E. Knight to Arno Knight recorded in Book 549, Page 421 of the Waldo County Registry of Deeds. Said real estate is equally divided between the parties, the value of the interest of Joyce Knight being $8,000."

We sustain the appeal.

This case has an interesting, albeit confusing, history. The plaintiff instituted a divorce complaint in the District Court on which hearings were held and a judgment was rendered on January 9, 1973. No appeal was taken therefrom but an abstract of the decree containing the above quoted excerpt was recorded seasonably in the Waldo County Registry of Deeds. On March 12, 1973, the plaintiff filed a civil action in the Superior Court, seeking an order mandating conveyance by the defendant to him of her interest in the real property described in the deed recorded in Vol. 549, Page 421, Waldo County Registry of Deeds, the plaintiff acknowledging his obligation to pay $8,000.00 therefor.

After the complaint was filed it was amended, to which amended complaint the defendant filed an answer, asserting in substance her version of the divorce decree which she contended made her the owner of an undivided one-half interest in the realty.

In October, 1973, defendant's then counsel withdrew and the case remained dormant until March 12, 1976, when the plaintiff was notified that the case was subject to dismissal under Rule 41(b), M.R.Civ.P. A motion to continue was promptly filed and the plaintiff simultaneously filed a pre-trial memorandum, reciting the issue as follows:

> "Whether said divorce judgment requires the Defendant to accept Eight Thousand Dollars ($8,000.00) as full and complete settlement of all of the Defendant's interest in and to marital property."

The case was then continued until May 3, 1976, prior to which the present counsel for the defendant entered his appearance. On May 3rd a pre-trial conference was held, attended by both counsel, and the docket reflects an order that "briefs . . . be filed . . . by May 14, 1976." The plaintiff filed a memorandum of law but the docket does not indicate that the defendant did likewise. On July 6, 1976, the order of the Justice was entered granting the plaintiff the relief requested, and defendant's appeal was seasonably filed.

Despite the defendant's argument to the contrary, we feel the Superior Court

does have jurisdiction in this matter. When the action was instituted in the Superior Court the time had already expired for taking an appeal from the District Court divorce judgment, the rule then providing that appeals must be taken within "10 days from the entry of the judgment." (Rule 73(a), D.C.Civ.R.) Likewise, under Rule 59(e), D.C.Civ.R. (which adopts the language of Rule 59(e), M.R.Civ.P.), more than the allowable ten days had elapsed after the entry of judgment from which a motion to alter or amend the judgment could be served. The District Court decree relating to this real estate had been recorded in the Registry of Deeds. This divorce judgment is ambiguous and capable of two interpretations, and thus creates an arguable cloud upon the plaintiff's title to this real estate. This is adequate to confer equitable jurisdiction on the Superior Court.[1] *See Bates Mfg. Co. v. Franklin Co.*, Me., 218 A.2d 366 (1966). It was proper for the Superior Court to take jurisdiction even though, in effect, it would be required to interpret a divorce decree of the District Court.

As we read the docket entries, the problem arises from a failure of communication between the Justice who presided at the pre-trial conference on May 3, 1976, and counsel. The defendant is correct when she asserts that she was denied a hearing on the merits of the plaintiff's complaint. There simply was no hearing.

■ We also note incorporated in the order for judgment the contents of a letter addressed to the Justice below under date of April 27, 1976, from the District Court Judge, indicating what his intention was when he rendered the divorce judgment on January 2, 1973, and this letter became a critical part of the decision reached below. Unless the letter was submitted by agreement (and there is no indication that it was), it would be obviously inappropriate to consider its contents.

■ In sum, the record before us leaves no doubt that this judgment issued without affording the defendant the benefit of a hearing on the merits of the complaint and, as the defendant in her brief argues, she was "denied her day in Court and, as such, denied due process."[2] *See Spickler v. Carzis*, Me., 349 A.2d 173 (1975).

The entry is:

Appeal sustained.

Remanded to the Superior Court for trial on the merits.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.

---

1. As to the District Court's equitable jurisdiction, *see Choate v. Adams*, Me., 387 A.2d 227 (1978).

2. On August 16th the defendant filed a motion for relief from judgment under Rule 60(b), M.R. Civ.P., which asserted:
   1. The judgment is void.
   2. The judgment was not entered in conformity with the Maine Rules of Civil Procedure.
   3. The judgment as entered, deprives Defendant of due process of law in violation of the State of Maine and United States Constitutions.

   The above motion was never presented to the Justice who ordered the judgment but was presented to another Justice who simply noted thereon, "matter should be presented before [the Justice who ordered the judgment]." It is still pending on the docket.

   A 60(b) motion "does not affect the finality of a judgment or suspend its operation."