ADA B. SALMONS, ADMINISTRATRIX OF THE ESTATE OF LEROY SALMONS, DECEASED, RESPONDENT, v. ARCHIE RUGYERI, TRADING UNDER THE FIRM NAME AND TITLE OF MUSHROOM TRUCKING COMPANY, APPELLANT.

Submitted February 11, 1927—Decided May 16, 1927.

1. An appeal does not lie in any case until final judgment.
2. An order overruling a motion to strike out the return to a summons and to quash the writ and for leave to answer, is a mere interlocutory order and not a final judgment.
3. When an appeal does not lie, and no valid objection can be leveled against a judgment or order brought up, the appeal will be dismissed.

On appeal from the Supreme Court.

For the appellant, *William E. Holmwood.*

For the respondent, *Henry M. Hartmann.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. The plaintiff sued the defendant in the Supreme Court, Mercer county, for damages for being injured on the highway by the defendant, his agents, servants and employes carelessly and negligently running an automobile, whereby the plaintiff's intestate was killed. A summons was issued out of the Supreme Court directed to the defendant, which was returned into that court with endorsements thereon. The first was an appointment of Frank Conrad as a special deputy to serve the writ and make return thereto, signed by Sheriff Reichert, of Mercer, and to which the following return of service was made:

"Served within summons and complaint October 8th, A. D. 1926, upon Archie Rugyeri, trading under the firm name of Mushroom Trucking Company, defendant, by leaving a copy

of the same in the office of the secretary of state of New Jersey, at the State House, Trenton, N. J., with Ernest R. Kerr, chief clerk in said office [the secretary of state being absent from his office], with a service fee of two dollars.

CHARLES H. REICHERT,
*Sheriff.*

By Frank Conrad, *Spec. Dep."*

The attorneys for the plaintiff (there should only be one— *State* v. *Merra, ante, p.* 361), were notified on behalf of the defendant, that application would be made to Mr. Justice Trenchard of the Supreme Court for an order to set aside the service of the summons and complaint in the cause and to quash the writ and summons issued thereon, upon the following grounds—(1) because the court is without jurisdiction over the defendant; (2) because the defendant is not a resident of the State of New Jersey, and was not served with process or summons within the territorial jurisdiction of the state; (3) because the return of the sheriff shows that proper and legal service was not made within the jurisdiction, and because the return fails to show that actual or legal service was made upon the defendant; (4) because the service made upon the secretary of state is invalid, in that such service was not authorized by power of attorney executed by defendant, or by reason of any authority conferred by him upon the secretary of state; (5) because the service made upon the secretary of state is invalid, in that it attempts to bring a non-resident into the courts of this state to answer to an action *in personam* by process not served personally upon him, or his authorized agent, and (6) because the act of the legislature of New Jersey authorizing such service is unconstitutional and void, in that it contravenes, and is repugnant to article 14, section 1 (amendment) of the constitution of the United States.

This notice is signed by Wm. E. Holmwood, Esq., "attorney appearing specially for defendant, Archie Rugyeri, trading under the firm name and style of Mushroom Trucking Company, and for the sole purpose of contesting jurisdiction of the court."

The motion having been argued before Mr. Justice Trenchard by counsel for both parties, he made an order on December 2d, 1926, that the motion to set aside the service in the cause be denied, with costs; and that the defendant have five days within which to file' his answer. From this order a notice of appeal to this court was filed by Mr. Holmwood, attorney for defendant, which notice is addressed to the attorneys for plaintiffs, and the, grounds of appeal require them to take notice that the defendant, appearing specially for the purpose of contesting the jurisdiction of the court, appeals from the order of the Supreme Court, denying the motion to set aside service of process and quash writ, the grounds of appeal being those above stated.

Counsel for defendant-appellant in his brief states that as this matter has been argued thoroughly in the case of Pizzutti *v.* Wuchter, it is sufficient for the purpose of his brief to merely cite the cases upon which the appellant relies for reversal of the *order* below, naming the cases.

The opinion of this court in *Pizzutti* v. *Wuchter* is reported in *ante, p.* 130. The defendant-appellant in this case might well have made his ground of appeal but one, namely, the unconstitutionality of the New Jersey act designating the secretary of state as one upon whom to make service in cases like this; for that is the single question involved in his' objections and grounds of appeal. And we might dispose of the meritorious question herein involved, and rest that decision exclusively upon the case of Pizzutti *v.* Wuchter, in which the reasoning of Mr. Justice Katzenbach for this court is entirely dispository of the question sought to be raised by the defendant-appellant. But there is another, and a fundamental, objection to this proceeding, and that is, that the order which is sought to be appealed from is not a final judgment.

By section 1 of the act concerning error it is provided that a writ of error shall not be granted or issued in any case until final judgment be rendered. 2 *Comp. Stat., p.* 2207. In *Warren Railroad Co.* v. *Belvidere,* 35 *N. J. L.* 584, it is held that an order overruling the demurrer, with leave to plead, is a mere interlocutory order, on which a writ of error

cannot be brought. This court held in *Van Hoogenslyn v. Delaware, Lackawanna and Western Railroad Co.* (1896), 90 *Id.* 189, that an appeal under section 55 of the supplement to the Practice act of 1912 cannot be effective until final judgment. And Mr. Justice Swayze says, in his opinion (at *p.* 190), that it is unnecessary to cite authorities for the proposition that an appeal cannot be effective until final judgment; that there could be no relief by writ of error until after final judgment, is elemental learning. Section 25 of the Practice act (1912) only permits an appeal where the appellant would formerly have been entitled to a writ of error. And this court in the later case of *Gaudel v. Schoelzke* (1920), 95 *N. J. L.* 171, held that quashing a writ of attachment is a final judgment which may be removed into the Court of Errors and Appeals for review; and Mr. Justice Kalisch, writing the opinion of this court (at *p.* 174), said that it is a constitutional limitation which prevents this court from reviewing an order made before final judgment in a case at law on appeal, either from the Supreme or Circuit Courts, unless such order is in the nature of a final judgment. And (at *p.* 175) that the legal effect of quashing a writ of attachment is that the plaintiff takes nothing by his writ and the defendant goes without day, which is like the result of a judgment of nonsuit.

In the earlier case of *Allgair v. Hickman,* 82 *N. J. L.* 369, this court held that review by writ of error is limited to judgments that are in their nature final; the correction of mistaken decisions in interlocutory matters being postponed until the event of the litigation appears. Now, the doctrine of that case applies to the one *sub judice.*

Here the order was simply one overruling a motion to strike out the return to a summons and to quash the writ. It was a mere interlocutory order. The defendant should have filed an answer on the merits as directed by Mr. Justice Trenchard, and gone to trial. He had protected himself, upon the record, as to the question which he raised, could have raised it again on the trial, and, in the event of an adverse verdict, could have argued the invalidity of the service, as well as any other matter, or he could have stayed away

and reviewed by appeal a judgment by default, which is what the defendant did in Pizzutti *v.* Wuchter.

In *Hackensack Trust Co.* v. *Ven Den Berg,* 92 *N. J. L.* 412 (bottom of *p.* 414), this court dismissed an appeal because the appellant was not aggrieved by the interlocutory ruling against her in the court below. And in *Sautter* v. *Order of Heptasophs,* 74 *Id.* 608, we held that where the record brought up by a writ of error discloses no final judgment in the action at law there is no matter for review, and the writ must be dismissed.

When no valid objection can be leveled against a judgment or order brought up, as in this case, an appeal does not lie, and, consequently, it must be dismissed.

Appeal dismissed accordingly.