MAX SNIDER, complainant-respondent,

*v.*

FREEHOLD THEATRE COMPANY, WALTER READE and TRENTON THEATRE BUILDING COMPANY, defendants-appellants.

[Submitted October term, 1929. Decided May 20th, 1930.]

*Messrs. Tumen & Tumen (Mr. Jonas Tumen, of counsel), and Mr. Samuel Kaufman, for the appellants.*

*Mr. John L. Ridley, for the respondent.*

The opinion of the court was delivered by

LLOYD, J.

The bill in this case was filed by the owner of a threatre building in Freehold for the cancellation of a lease entered into between complainant and Clarence A. Cohen (the lease subsequently assigned to the Freehold Theatre Company) and for a decree compelling the surrender of the premises. As incidental thereto the bill prayed the cancellation of a mortgage held by the theatre company, adjudication of the damage to the building by waste, failure to repair, removal or any other cause; that the defendant be restrained from removing any of the contents of the building; that the court adjudicate what provisions of the lease have been

violated, the amount of damage suffered by the complainant, and finally (inconsistently as it would seem) to compel the defendants to operate the theatre.

Accompanying the bill were affidavits of the complainant and one Satterthwait, averring the truth of the matters set up in the complaint. An order against the defendants was thereupon granted requiring them to show cause why they should not be enjoined according to the prayer of the bill and why the lease and assignment should not be canceled, the tenants removed therefrom and compelled to pay the rents and to recompense the complainant for any damages suffered by him.

To the affidavits there was filed the answering affidavit of Walter Reade denying the truth of the averments in the bill and affidavits filed by the complainant. On the return of the order to show cause a further order was made requiring the defendants to forthwith vacate the building and surrender the same to the complainant, the possession thereby given to the complainant to continue until the further order of the court. The defendants appeal from so much of the order as compels them to vacate the theatre and awards the immediate possession to complainant.

Our examination of the bill and the affidavits convinces us that this order was wholly without legal or equitable justification and contrary to repeated adjudications of this court, as exemplified in the cases of *Camden Horse Railway Co.* v. *Citizens Coach Co., 29 N. J. Eq. 299*, and *McMillen* v. *Kuehnle, 78 N. J. Eq. 251*. In the former it is said that "the general rule, subject to but few exceptions, is that if the facts constituting the claim of the complainant for the immediate interposition of the court are controverted, under oath by the defendant, the court will not interfere at the initial stage of the cause." As a rule of practice, therefore, it was forbidden by the legal principle enunciated in these cases that the equities of the bill, if there were any, should be determined and a complete change of the status of the parties effected at such stage of the proceeding.

Fundamentally, however, we think the case presented no grounds for the intervention of a court of equity and that that court was wholly without jurisdiction in the cause. It was the ordinary case of a landlord complaining of a breach of contract on the part of his tenant and of a trespass in the carrying away of some of the personal equipment of the leased premises. In the third edition of *Adams' Eq. 174* it is said: "The jurisdiction for rescission and cancellation (of contracts) arise where a transaction is vitiated by illegality or fraud, or by reason of its having been carried on in ignorance or mistake of facts material to its operation," and in a foot-note it is added by Henry Wharton, the American editor, that "a contract can never be rescinded except in case of fraud or palpable mistake." The lease in the present case is admittedly valid. No fraud or illegality is alleged in its making. The breaches of the contract are alone the subject of complaint. For these the lease itself as well as statutory and common law provided complete redress.

While waste is asserted to have been committed, its continuance, or that the defendants intend to commit waste in the future, is not averred or proved, and in such situation remedy must be sought in the courts of law (*Ware* v. *Ware, 6 N. J. Eq. 117; Lippincott* v. *Barton, 42 N. J. Eq. 272*), although where a court of equity otherwise acquires jurisdiction, damages for the injuries caused by trespass or waste may be awarded as incidental to the main case. *Tate* v. *Field, 56 N. J. Eq. 38.*

The order is reversed with the direction that the bill be dismissed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.