CARLTON M. ROBERTS ET AL., APPELLANTS, v. CLARENCE E. F. HETRICK ET AL., RESPONDENTS.

Submitted October 25, 1940—Decided January 28, 1941.

For the appellants, *James D. Carton, Jr.,* and *Samuel Kaufman.*

For the respondents, *Ward Kremer.*

The opinion of the court was delivered by

PARKER, J. The present proceeding was instituted and prosecuted as an action under the "Declaratory Judgments act" first enacted in this state as *Pamph. L.* 1924, *ch.* 140 (page 312), now *N. J. S. A.* 2 :26-66 *seq.* There was a motion to strike out the complaint, on the ground (among others) that the matters in controversy were *res judicata.* The motion was argued before Mr. Justice Perskie, who ordered the complaint struck out, and judgment for defendants was entered accordingly. The present appeal is from that judgment. The case is submitted on briefs, and in their brief, counsel for appellants say: "We conceive the sole question "to be determined in this appeal is whether the order of December 10th, 1938, which terminated the control of the City of Asbury Park by the Municipal Finance Commission also terminated the life of the Asbury Park Beach Commission created by the Legislature of the State of New Jersey under Revised Statutes 40 :55 A." But that was not the issue tendered in the complaint. The issue tendered was not whether the order of December 10th, 1938, terminating the jurisdiction in Asbury Park of the Municipal Finance Commission "also terminated *the life* of the Asbury Park Commission" but whether, in the language of paragraphs 6 and 7 of the complaint, "the office and authority of plaintiffs as Beach Commissioners of * * * Asbury Park * * * have terminated." The gravamen of the case is that when local government in Asbury Park was restored, the municipal body resumed control of the beach front and incidental property and evicted the commission; which now claims that notwithstanding the premises it still is entitled to administer the beach front and control the property connected therewith.

There was a motion to strike out the complaint on the

ground, among others, that the matter set up in the complaint is *res judicata*. The motion was argued before Mr. Justice Perskie and granted by him on the ground that in *Asbury Park* v. *Smock*, 121 *N. J. L.* 487, a peremptory *mandamus* was awarded requiring the commission to restore to the city its beach front and appurtenances, and that this was dispositive of the matter. That case did not come to this court, and for the obvious reason that a peremptory *mandamus* was awarded without a course of pleading and judgment record. The constitutionality of a statute not being involved, no appeal would lie. *Reed* v. *Board, &c.,* 119 *Id.* 115. If the respondents in that action wished to review the decision, they could have asked that a record in alternative *mandamus* be moulded, and the court in its discretion could have so ordered; but there is nothing before us to indicate that any such application was made. The decision was therefore final. The record in Asbury Park *v.* Smock was embodied in the present case, the complaint was struck out, and final judgment entered in favor of the city, dismissing the suit. We are clear that that judgment should be affirmed. Mr. Justice Perskie correctly held that the matter was *res judicata,* so far as relates to any question of jurisdiction over and control of the beach front property; and as to the claim of continued existence of the commission at large as a legal body, it is sufficient to say that it is *functus officio* with no rights as regards the defendants in this action, and that no other parties are before the court. Consequently there is no controversy which requires court action. *In re Van Syckle,* 118 *Id.* 578.

Let the judgment of dismissal be affirmed, with costs as against the individual appellants.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.