MORRIS N. SCHARF, PLAINTIFF, v. BOROUGH OF RAMSEY
AND CHARLES W. EIDEL, DEFENDANTS.

Argued October 2, 1945—Decided February 25, 1946.

Before Justices CASE, BODINE and PERSKIE.

For the plaintiff, *Morris N. Scharf, pro se (John W. Ock-ford,* of counsel).

For the defendants, *Romeo R. Napolitano (James A. Major,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   These consolidated cases, styled on petition for a declaratory judgment and on *certiorari,* present two orders sought to be reviewed.   Each order has for its source plaintiff's asserted right to his continuation of the non-conforming use of his building or structure (*R. S.* 40 :55–48) as a two-family housekeeping unit.

On March 10th, 1936, the Borough of Ramsey enacted a zoning ordinance.   The premises in question, No. 20 Frank-lin Terrace, was designated to be in Zone "A" Residence which restricts, as far as is here pertinent, the continuation or use of any building or structure to a single detached house used as a residence for one housekeeping unit.   The building erected on the lot was originally a one story and a half frame barn used for the housing of carriages, horses, cows and

chickens. Sometime in 1920 the northerly half of the building was converted into a one-family dwelling and as such was so occupied for a period of over twenty years. The southerly half of the building was not altered or remodeled and remained substantially in its original state and condition up to the time the premises were purchased by the plaintiff.

On October 10th, 1942, the plaintiff purchased the said premises. On or about February 3d, 1943, he made application to Charles W. Eidel, building inspector of the borough, for a permit to make certain minor alterations to the premises. The request was granted by the building inspector because he erroneously conceived the premises to be in an area zoned for business. Plaintiff proceeded to alter the southerly portion of the building. When it was completed and ready for occupancy the plaintiff made application to the Zoning Commission for an exception to the ordinance so that he could convert the structure into a two-family dwelling. Objections were filed by adjoining property owners and the plaintiff withdrew his application. He thereafter applied to the Zoning Board for a certificate of non-conforming use but subsequently withdrew this application.

On July 16th, 1943, the plaintiff was advised by the building inspector that the Zoning Board ruled that the inspector erred in issuing the permit to the plaintiff and that a viola-·tion of the zoning ordinance existed by reason of the use of the premises as a two-family dwelling. *Cf. Dickinson* v. *Plainfield,* 13 *N. J. Mis. R.* 260, 265; 176 *Atl. Rep.* 716; *affirmed,* 116 *N. J. L.* 336; 184 *Atl. Rep.* 195. The plaintiff was given until August 20th, 1943, to remove the violation. On August 17th, 1943, a summons was issued and served on the plaintiff for the violation of the zoning ordinance as aforesaid, but the borough did not cause a complaint to be filed nor did it proceed further in the matter at that time.

On October 22d, 1943, the plaintiff instituted suit in the Supreme Court, Bergen County Circuit, for a declaratory judgment (*R. S.* 2:26–69), to determine "his rights and status in respect to said structure and particularly an adjudication that such structure is a non-conforming one and is entitled to remain and be from time to time restored and

repaired and that he [plaintiff] does not violate the zoning ordinance by having, maintaining and using said structure * * *." The borough filed an answer thereto and also asked for a declaratory adjudication especially that the structure was not a non-conforming one. After certain motions addressed to the pleadings were made, the cause was referred to Circuit Court Judge Leyden (*R. S.* 2 :27–185) who set the cause down for trial on May 14th, 1945. Motion was made and argued to strike the complaint. On June 20th, 1945, the judge denied the motion to strike on the ground that the complaint did sufficiently set forth a threatened justiciable controversy between the parties. But the judge did not deem it necessary, at the time, to pass on the question as to whether the declaratory judgment terminated the controversy or removed the uncertainty.

On May 26th, 1945, plaintiff was notified by the then building inspector that the property was located in a Class "A" Residence district, that it was occupied by two families in violation of the zoning ordinance, and that the plaintiff desist from the violation of the ordinance. Plaintiff stood adamant. On June 29th, 1945, plaintiff was served with a summons and complaint in the Criminal District Court of the County of Bergen charging him with the stated violation of the zoning ordinance. On July 6th, 1945, plaintiff obtained an order to show cause which, among other things, restrained the borough and its officers from proceeding with the action instituted against him in the Criminal Court, until the further order of the court. The propriety of that order is involved in one of the cases here.

On July 12th, 1945, the borough served the plaintiff with a notice of a motion to be made before us for an order vacating the order filed by Judge Leyden, on June 20th, 1945, and to strike the complaint filed in the Bergen Circuit seeking a declaratory judgment on the grounds that the action is improperly brought in that court, and should be heard, if at all, by the full court, and that the facts set forth in the complaint are not sufficient to confer jurisdiction upon that court to enter a declaratory judgment. This application is involved in the other case before us.

A determination of the issues on the merits presents no difficulty. *Cf. Burmore* v. *Smith,* 124 *N. J. L.* 541, 574; 12 *Atl. Rep.* (*2d*) 353; *Burmore* v. *Champion,* 124 *N. J. L.* 548; 12 *Atl. Rep.* (*2d*) 713; *Green* v. *Board of Commissioners, Newark,* 131 *N. J. L.* 336, 338; 36 *Atl. Rep.* (*2d*) 610. While such a determination would indeed be desirable, our difficulty lies in the procedure adopted properly to present the issues raised for decision.

We are confronted with a fundamental procedural impasse. Assuming, but not deciding, that the order denying the motion to strike the complaint in the declaratory judgment proceeding was providently entered, we have nothing final before us for review. It is settled that we do not, on appeal at law, review anything but a final judgment (*Salmons* v. *Rugyeri,* 103 *N. J. L.* 596, 600; 137 *Atl. Rep.* 568; *Lully* v. *National Surety Co.,* 106 *N. J. L.* 81, 85; 148 *Atl. Rep.* 762; *Essex Foundry* v. *Biondella,* 126 *N. J. L.* 157, 161; 17 *Atl. Rep.* (*2d*) 568), or that which is tantamount to a final judgment. *Essex Foundry* v. *Biondella, supra* (at *p.* 161) and cases there collated. Nor may we substitute and make use of the depositions taken and submitted in lieu of plaintiff's constitutional right to be heard in the usual manner on the declaratory judgment proceeding.

On the other hand, if the order sustaining jurisdiction was improvidently entered (*Cf. U. S. Fidelity and Guaranty Co.* v. *Thirion,* 123 *N. J. L.* 29, 30; 7 *Atl. Rep.* (*2d*) 863; *Empire Trust Co.* v. *Board of Commerce, &c.,* 124 *N. J. L.* 406, 411; 11 *Atl. Rep.* (*2d*) 752; *Provident Mutual, &c., Co.* v. *Unemployment Compensation Commission,* 126 *N. J. L.* 348, 353; 19 *Atl. Rep.* (*2d*) 630), that order rests on judicial discretion and no abuse thereof is suggested. *R. S.* 2:26–77; *Empire Trust Co.* v. *Board of Commerce, &c., supra* (at *p.* 411). Nor is an appeal from that order to this court proper in light of the reference of the cause to the Circuit Court Judge under *R. S.* 2:27–185. *Cf. Hosier* v. *Great Notch Corp.,* 133 *N. J. L.* 197; 43 *Atl. Rep.* (*2d*) 676. The appeal, therefore, from the order of the Circuit Court Judge is dismissed.

Nor is there anything on the return of the rule to show

cause upon which we could properly decide the issues on the merits. For we may not constitutionally substitute and make use of the depositions for the purpose of deciding, in a *nisi prius* capacity, plaintiff's guilt or innocence on the charge of having violated the zoning ordinance of the defendant borough. The plaintiff is obviously entitled to a trial in the ordinary and regular method constitutionally vouchsafed unto him. Such a trial would afford plaintiff every opportunity to present all of his available defenses, including his asserted right to a continuance of an alleged non-confirming use. From an adverse judgment, he would have the right to a review. The present restraint is a bar to the orderly presentation of the issues on the merits. Accordingly, that restraint is dissolved, and the order to show cause is discharged.

No costs are allowed to either party.