BARNES et al. v. PIERCE et al.—253
S. W. (2d) 33.

Middle Section.   June 27, 1952.

Petition for Certiorari denied by Supreme Court, October 10, 1952.

Lewis S. Pope, of Nashville, for complainant.

R. H. Roberts, of Byrdstown, H. S. Barnes and W. Keith Crawford, both of Cookeville, for defendants.

HOWELL, J. The petition in this case was filed as an original bill by Mrs. Minnie B. Barnes who was one of the complainants and alleges that a final consent decree was entered in the original case on March 19, 1945, which decree construed the will of her deceased husband J. W. Barnes and determined the rights of the parties interested in the estate.

The petition sets out the circumstances under which the consent decree was proposed and agreed to by the parties and then alleges a difference of opinion had arisen as to whether or not under this consent decree some funds in the registry of the Federal Court, paid in by the United States Government for land of J. W. Barnes condemned for the construction of the Hales Bar dam and resulting lake, were the property of the petitioner Mrs. Minnie B. Barnes or her stepdaughter, the defendant Mrs. Edna Pierce, a daughter of J. W. Barnes by a former marriage.

The petition then sets out that defendant Mrs. Edna Pierce had filed a petition in the United States District Court claiming an interest in these funds and that the matter had been called to the attention of the United States District Judge and it was agreeable to him to have the controversy disposed of in the Chancery Court and an order entered in the Federal Court in accord with the decree of the Chancellor in this case.

The petition then prays that the consent decree be construed by the Chancellor and that all of the fund in the Federal Court be decreed to belong to the petitioner Mrs. Minnie B. Barnes.

A demurrer and an answer were filed by the defendant in which she admits the condemnation of the land and the payment of the funds into the Federal Court and also the entry of the consent decree in the original case.

It is insisted by the defendant that the balance of the funds derived from the condemnation of the Barnes land should be distributed as personalty and that under the consent decree she is entitled to her share of it as personalty.

The case was heard by the Chancellor by consent of the parties upon oral testimony and documentary evidence and a written memorandum of facts and opinion filed by the Chancellor upon which a decree was entered holding that all the money derived from the condemnation proceedings is the property of the petitioner Mrs. Minnie B. Barnes and that Mrs. Edna B. Pierce has no interest whatever in any of the funds in the District Court.

The defendant has properly perfected an appeal to this Court and has assigned errors.

The subject matter of the controversy, namely, the funds in the District Court, were paid into the Court for a part of what is known in the record as part of the

J. G. Crouch and Harrison Guffey lands which belonged to J. W. Barnes. Proceedings for condemnation were instituted with reference to these lands in 1943 prior to the death of J. W. Barnes in 1944.

The part of the sixth item in the will of J. W. Barnes which is pertinent to the matters in controversy here is as follows:

"Sixth: I give and bequeath to my wife, Minnie B. Barnes the following described tracts of land all lying in Pickett County, Tennessee: What is known as the J. G. Crouch tract of land in the old fifth district of Pickett County, and being the tract where we now live, and the tract known as the Harrison Guffey tracts of 50 and 100 acres, respectively, adjoining the Crouch tract, however, I own only a half interest in the J. G. Couch tract, my wife Minnie B. Barnes already owning the other half."

The part of the long consent decree which is material now is as follows:

"And it further appearing to the Court that the complainant Minnie B. Barnes, one of the executrixes of said will, and beneficiaries thereunder, was the second wife of the testator J. W. Barnes, and is the mother of P. H. Wood, and the mother-in-law of Levi Amonett, two of the beneficiaries under said will; that defendant Edna Pierce was the only daughter or child of the testator, J. W. Barnes, and is the mother of Arthur Pierce, Elsie Pierce Holt, Emogene Pierce Pendergrass, Evaline Pierce Phillips and Betty Joe Pierce, all beneficiaries under said will; and that all of said adult beneficiaries have agreed upon a construction of said will of J. W. Barnes, deceased, and upon a disposition of the pro-

perty, real and personal, which he owned at the time of his death, and which agreement is as follows:

\* \* \* \* \*

"2nd. That all of the lands described in Item Sixth of said will, whether in trust or otherwise, devised to Minnie B. Barnes, and not disposed of by the testator J. W. Barnes at the time of his death, shall be vested in said Minnie B. Barnes in fee simple title."

The decree then sets out:

"It is therefore ordered adjudged and decreed by the Court, for the reason that it is to the manifest interest of all of the parties hereto, or those taking an interest in the estate of the testator, including the minor defendants, that said agreement be and the same is hereby in all respects ratified and confirmed, and made the judgment or decree of the Court, and further.

\* \* \* \* \*

"3rd. That all of the lands described in Item Sixth of said will, whether in trust or otherwise, devised to Minnie B. Barnes, and not disposed of by the testator J. W. Barnes at the time of his death, shall be vested in said Minnie B. Barnes in fee simple title, and that all of the right, title and interest, if any, of any party hereto be and the same is hereby divested out of them, and vested in said Minnie B. Barnes, her heirs and assigns, in fee simple title, said undisposed of lands being substantially described as follows:

\* \* \* \* \*

"13th. That all of the remainder of said personal property of the testator, J. W. Barnes, including

cash, notes and government bonds, or other personalty, excluding that hereinbefore mentioned, shall be by the executrixes and executors divided equally between the complainant Minnie B. Barnes, widow of the testator, and the defendant Edna Pierce, the only child of said testator, J. W. Barnes, to be theirs absolutely.''

This decree was signed by the petitioner Mrs. Minnie B. Barnes and by the defendant Mrs. Edna Pierce.

It is insisted by the petitioner that by a proper interpretation of the consent decree and the will the funds in the Federal Court derived from the taking of the Crouch and Guffey tracts of land belong to her and that it was so intended, understood and agreed between the parties and their counsel at the time the consent decree was entered.

It is insisted by the defendant that the funds in the Federal Court derived from the condemnation of the Crouch and Guffey lands are personalty and under Item 13 of the consent decree belong to her and Mrs. Barnes.

The Chancellor in the opinion filed said in part:

''Mrs. Barnes was represented in the original case and in this case by Honorable Lewis S. Pope, and Honorable Seth M. Walker, now deceased, represented Mrs. Pierce. They held several conferences in working out the compromise decree. Correspondence of Mr. Walker filed in the record, and the testimony of Mr. Pope shows that the funds in question were particularly mentioned while the compromise was being effected, and that they were in agreement that the Federal Court funds from these two tracts of land in question would go to Mrs. Barnes under the decree as drafted and entered.

''Under the record, and especially the different

clauses of the compromise decree, which is merely a contract between the parties, I am of the opinion that parol evidence offered is admissible to show the facts and surrounding circumstances under which the agreement or compromise decree was made. In view especially of the clauses of the decree quoted herein I am unable to find that the decree is free from ambiguity or clear and plain with respect to these particular funds. The records show a mutual agreement of the parties by and through their respective counsel as to the construction or interpretation of the decree. It appears that Mrs. Pierce or her representatives took no part in the litigation in the Federal Court. After the compromise decree was made upon a final hearing in the Federal Court the recovery was substantially increased, and there are facts and circumstances in the record which indicate that she was making no claim to the funds until it was brought to her attention by a representative of the Government. The doctrine of equitable conversion relied upon by the defendant, in my view, supports the complainant's contention in this case more than defendant's.

"The lands from which the funds were derived were specifically devised to Mrs. Barnes and were converted to personalty by operation of law."

██ From a careful examination of the entire record and full consideration of the questions presented we are constrained to agree with the Chancellor in his finding of facts and conclusion that the land condemned and from which the funds were derived belonged to Mrs. Minnie B. Barnes and this land was converted by operation of the Federal Court and the proceeds of same still belong to Mrs. Minnie B. Barnes and no part of same passed to the

defendant as personalty under the item in the consent decree above set out.

We further agree with the Chancellor that the consent decree is not plain and clear as to the funds in controversy and that petitioner is entitled to a declaratory decree construing and placing a proper interpretation upon the consent decree and that under such a construction of the decree petitioner is entitled to the funds in question.

The assignments of error are overruled and the decree of the Chancellor is affirmed.

The appellant will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.