## UTILITY BLADE & RAZOR COMPANY, PLAINTIFF, v. JOHN J. DONOVAN, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided June 18, 1954.

*Mr. Lester Sandles,* attorney for plaintiff.

*Mr. Milton A. Epstein,* attorney for defendant.

WAUGH, J. C. C. (temporarily assigned). Plaintiff, a packager of razor blades, entered into a contract by letter on August 29, 1951. The alleged contract is as follows:

"Mr. John Donovan
2 Deer Avenue
Newark, New Jersey
Dear Mr. Donovan:
    This will confirm our conversation of yesterday which it was mutually agreed that a commission of 10% would be paid on any

or all packaging and wrapping work that you will procure for us or that may be booked by this company from this date on.

In addition, 15% of the net profits will be paid as a further commission. All commissions to be paid 10 days after the billings have been paid by the customers.

It is agreed that you will actively service such accounts as you may obtain or are booked by us for 'Wrapping and packaging'.

Any orders booked which call for an exception to these conditions as listed above, to be mutually agreed upon in writing.

It is noted and agreed that the packaging and wrapping of razor blades, razors and allied products which have been processed by us in the past are exempted from this agreement.

All orders to be accepted against acknowledgment signed by an officer of this company.

This agreement to be in effect for a period of five (5) years from this day on.

> Very truly yours,
> Utility Blade & Razor Co.
> W. Steinbach, President

WS :hdf
Accepted
8/29/51          /s/ JOHN J. DONOVAN"

Thereafter and until the present day, plaintiff continued to make payments in accordance with the contract, excepting that he did not pay 15% of the net proceeds as further commissions. In accordance with paragraph 2, defendant thereafter made demand for the additional 15%, and on August 29, 1953 plaintiff filed a complaint seeking declaratory judgment under *N. J. S.* 2*A* :16–52 *et seq.* Plaintiff prays that the court declare and determine that the paper writing of August 29, 1951 does not constitute a valid contract in law; that under the said paper writing plaintiff has an absolute and uncontrolled discretion as to whether or not orders are to be accepted.

Defendant moves for an order striking the complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted.

After considering the affidavits filed by both of the parties and the arguments of counsel, I have come to the conclusion that the motion should be granted.

Counsel, after diligent search, have found only a few cases in point involving the right to proceed under the Declaratory

Judgments Act, where there is an alleged contract such as the one here in question. The statute, *N. J. S. 2A* :16–54, provides that "A contract may be construed either before or after a breach thereof." Several cases involving such contracts are: *Murphy v. Westfield Trust Co.,* 129 *N. J. Eq.* 389 *(Ch.* 1941), affirmed 130 *N. J. Eq.* 600 *(E. & A.* 1942); *Christiansen v. Local* 680, 126 *N. J. Eq.* 508 *(Ch.* 1940); and *Honetsky v. Russian Consolidated, etc.,* 114 *N. J. L.* 240 *(Sup. Ct.* 1935).

Counsel for the plaintiff relies heavily upon the case of *Weissbard v. Potter Drug,* 6 *N. J. Super.* 451 *(Ch. Div.* 1949), affirmed 4 *N. J.* 115 (1950), the Supreme Court affirming on the opinion of Judge Freund. In that case Judge Freund dismissed the complaint, giving as a reason that all the parties to the contract were not parties to the suit. Plaintiff argues that had all the parties been parties to the suit, the action would not have been dismissed, and that since in this case all of the parties to the contract are in court, the motion must be denied.

Judge Freund did base his dismissal in the *Weissbard* case partly upon the failure to have all of the parties to the contract present. The opinion and the record indicate that the dismissal operated as adjudication on the merits. Nothing was stated about the dismissal being without prejudice. In view of the citation from Professor Borchard's work on *Declaratory Judgments (2nd ed.* 1941), at *page* 256, found at *page* 455 of the *Weissbard* decision as follows:

" 'The reason for the rule of Section 11 of the Uniform Act (*R. S.* 2 :26–72 and 73) is to ensure in principle the presence, or at least service upon, all other interested persons who would be affected legally by the decision.' "—

it would seem that the other grounds for dismissal are equally important.

The other grounds stated are that declaratory judgment is not ordinarily invocable where other adequate remedy is at hand, citing *Empire Trust Co. v. Board of Commerce, etc.,*

124 *N. J. L.* 406 (*Sup. Ct.* 1940), in which Justice Heher used the following language:

"\* \* \* the declaratory judgments act is designed to provide a remedy for the adjudication of justiciable rights, duties, status and other legal relations of the parties before rights have been invaded or wrongs committed, and its provisions are not ordinarily invocable where another adequate remedy is at hand. The declaratory judgment was intended to modify the common law rule that there is no justiciable controversy until a right has been invaded. It supplements, and is not a substitute for, existing remedies; and whether relief shall be afforded under its terms is ordinarily a matter resting in sound judicial discretion."

The further ground for dismissal was the doubt expressed "that such auxiliary legislation was intended to be utilized defensively to bag in advance an imminent and impending law suit," using the very language used by Vice-Chancellor Jayne in the case of *Township of Ewing v. City of Trenton,* 137 *N. J. Eq.* 109 (*Ch.* 1945).

If plaintiff's action may be maintained, then every conceivable contract action would become an action under the Declaratory Judgments Act.

I come to the conclusion that the motion of defendant should be granted.

Counsel for defendant may submit an order to dismiss.