33 N.J. Super. 340 (1954)
110 A.2d 152
NATIONAL BEN-FRANKLIN FIRE INSURANCE COMPANY, A PENNSYLVANIA CORPORATION, AND MERCURY INSURANCE COMPANY, A MINNESOTA CORPORATION, PLAINTIFFS,
v.
CAMDEN TRUST COMPANY, A CORPORATION ORGANIZED UNDER THE BANKING LAWS OF NEW JERSEY, AS SUCCESSOR TRUSTEE UNDER AN INDENTURE OF MORTGAGE, AND ASSOCIATED REALTIES CORPORATION, A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided December 1, 1954.
*341 Mr. William T. Wachenfeld, attorney for plaintiffs (Messrs. Lum, Fairlie and Foster, attorneys).
Mr. James N. Butler, attorney for defendants (Messrs. Moore, Butler & McGee, attorneys).
HANEMAN, J.S.C.
Defendants herein move to dismiss the complaint filed upon the ground, among other reasons, that "said complaint shows upon its face no grounds for the relief therein demanded."
It appears that the complaint, as herein filed, seeks a declaratory judgment under N.J.S.A. 2A:16-50 et seq. of a certain assignment of interest in a mortgage by the defendant Camden Trust Company, trustee, to the plaintiffs. This assignment was occasioned by virtue of a judgment rendered in a matter entitled Camden Trust Company, Trustee v. National Ben-Franklin Fire Insurance Company, a corporation of Pennsylvania, and Mercury Insurance Company, a corporation of Minnesota, New Jersey (Law Div., Docket No. L-192-50). The judgment, as far as here pertinent, reads as follows:
*342 "It is, on this 19th day of July, 1951, ORDERED and ADJUDGED that plaintiff have judgment against the defendant National Ben-Franklin Fire Insurance Company in the sum of $8,133.51, with interest from August 31, 1950, and that the plaintiff have judgment against the defendant Mercury Insurance Company for the sum of $2,623.70, with interest from August 31, 1950, and that each of said defendants pay to the plaintiff one-half of the cost of this proceeding; and
IT IS FURTHER ORDERED and ADJUDGED that the defendants are entitled to receive from the plaintiff an assignment of an interest in the plaintiff's bond and mortgage to the extent of the payments respectively made by each defendant, and that the rights of the defendants in said assignment and in said bond and mortgage shall be equal as between themselves; but that said assignment in plaintiff's bond and mortgage shall be junior in lien and right of collection to the rights of the plaintiff therein."
Said assignment made pursuant to said judgment reads, in part, as follows:
"BUT PROVIDED that the rights of the parties hereto are subject to the conditions set forth in a certain judgment entered in the cause in the New Jersey Superior Court, Law Division, Atlantic County, having Docket No. L-192-50, wherein the Camden Trust Company, Trustee, is the plaintiff, and the National Ben-Franklin Fire Insurance Company and Mercury Insurance Company are the defendants, which said judgment was entered on the 19th day of July, 1951."
Plaintiffs allege that the bonds secured by said mortgage are now in default as to payments of both principal and interest under the terms of said mortgage, and that they have claimed, pursuant to the terms of the above referred to assignment and judgment, that they are entitled to the rights and status of bondholders under said mortgage, but that the defendant Camden Trust Company, trustee, has refused to recognize them as bondholders.
Plaintiffs therefore seek to have this court determine whether they have the status of bondholders.
At the outset, it must be self-evident that the plaintiffs seek a declaratory judgment in connection with a judgment rendered in the Law Division of the Superior Court. Not only do they demand a construction of said judgment in express words, but it would of necessity have to follow that *343 said judgment must be construed in a construction of the phraseology of the assignment. In effect, what these plaintiffs are alleging is that the prior judgment as entered is not sufficiently clear to demonstrate the respective rights and liabilities of the parties thereto, and they seek a modification, clarification or amplification of said judgment.
The Declaratory Judgment Act is designed to provide a remedy for adjudication of justiciable rights, duties, status and other legal relations of the parties before rights have been invaded or wrongs committed, and its provisions are not ordinarily invocable where another remedy is at hand. Weissbard v. Potter Drug & Chemical Corp., 6 N.J. Super. 451 (Ch. Div. 1949), affirmed 4 N.J. 115 (1950); Utility Blade & Razor Co. v. Donovan, 31 N.J. Super. 343 (Law Div. 1954).
It is within the discretion of a trial court to amend a judgment where the judgment falls short of granting that relief which justice and equity require. A court has the power to open its judgment in cases of mistake, inadvertence, or like cause. Equitable principles are the guide in administering relief to determine whether in a particular circumstance justice and equity require such relief to be granted or denied. Assets Development Co. v. Wall, 97 N.J.L. 468 (E. & A. 1922); Shammas v. Shammas, 9 N.J. 321 (1952); Stone v. Dugan Brothers of N.J., 1 N.J. Super. 13 (App. Div. 1948); Handlon v. Town of Belleville, 4 N.J. 99 (1950); N.J. Cabinet & Mill Co. Inc. v. Creedon, 24 N.J. Super. 553 (Cty. Ct. 1953); In re Manfredini, 24 N.J. Super. 59 (App. Div. 1952); Wilford v. Sigmund Eisner Co., 13 N.J. Super. 27 (App. Div. 1951).
Since the plaintiffs here seek a correction, modification, clarification or amendment of the above referred to judgment, the original court which rendered the judgment continues to control the same, and application should be there made as a step in that cause for such relief.
In the light of the fact, therefore, that there is another adequate remedy available to the plaintiffs as a step in the original cause, the motion to dismiss will be granted.