33 N.J. Super. 566 (1955)
111 A.2d 300
UTILITY BLADE & RAZOR CO., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOHN J. DONOVAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 20, 1954.
Decided January 17, 1955.
*568 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Jacob Lubetkin argued the cause for plaintiff-appellant (Messrs. Sandles & Sandles, attorneys).
Mr. H. Harding Brown argued the cause for defendant-respondent (Messrs. Epstein & Epstein, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
This case brings up several of the vexed questions connected with the law of declaratory judgments.
Plaintiff sues in this declaratory action to have an alleged contract between itself and defendant pronounced void, N.J.S. 2A:16-53, because of (so plaintiff claims) a lack of consideration and an indefiniteness in the agreement. But the trial court, holding declaratory relief could not be had, dismissed the case. 31 N.J. Super. 343 (Law Div. 1954). Plaintiff appeals.
Under the contract defendant was to receive certain commissions and profits. He has had the commissions, but no profits. One month before this suit, he demanded an account as to profits  though not positively claiming anything was due him. Since then (the demand was over a year ago) he has made, so far as appears, not the least attempt to litigate the demand.
An action for a declaratory judgment, as we know it  spoken of at times as a civilized remedy  was first permitted in England by the epoch-making rules of 1883 (now English Order 25, r. 5) and from England has been brought, with changes, to this country. In England, it is said, declaratory relief is demanded in 60% of all Chancery suits. Sheldon v. Powell, 99 Fla. 782, 128 So. 258, 261 (Sup. Ct. 1930).
*569 Various aspects of the remedy give to it a civilized character. Thus, in the case at hand, the court at the common law stands by indifferently except at the suit of the present defendant, and the plaintiff's only course is to put its own construction on the agreement and then at its peril refuse defendant any compensation and so, quite likely, destroy the business relationship between them which apparently still exists under the agreement. Borchard, Declaratory Judgments (2nd ed.), 282 et seq. To furnish the plaintiff with a less harsh means of ascertaining its rights would seem to be quite within the "tranquilizing function" of a declaratory judgment. N.J. Bankers Ass'n. v. Van Riper, 1 N.J. 193, 198 (1948).
Why should the judgment be denied?

I.

Is declaratory relief to be automatically barred because other relief is available or a right has been invaded?
The statute is dispositive of the question.
N.J.S. 2A:16-52 authorizes declaratory relief "whether or not further relief"  that is, damages, specific performance, or any remedy not merely declaratory in character  "could be claimed." Accordingly, by the decided weight of authority, a declaratory action is now held to be an alternative or cumulative, not an extraordinary, remedy. Borchard, supra, 316, 326; 1 Anderson, Declaratory Judgments (2nd Ed.), 396; note 62 Harv. L. Rev. 787, 808 (1949).
A few cases will illustrate the point. Stephenson v. Equitable Life Assurance Soc., 92 F.2d 406 (4th Circ. 1937, Parker, J.); Woollard v. Schaffer Stores Co., 272 N.Y. 304, 5 N.E.2d 829, 109 A.L.R. 1262 (Ct. App. 1936); American Life & Accident Ins. Co. v. Jones, 152 Ohio St. 287, 89 N.E.2d 301, 306, 14 A.L.R.2d 815 (Sup. Ct. 1949); Philadelphia Manufacturers Mut. Fire Ins. Co. v. Rose, 364 *570 Pa. 15, 70 A.2d 316, 320 (Sup. Ct. 1950), following a statute. Cf. N.J.S. 2A:16-51, requiring the uniform act to be so construed as to bring it into harmony with Rule 57 of the Federal Rules of Civil Procedure.
But, defendant argues, declaratory relief should be refused because a right has been invaded, viz., plaintiff has not paid him a share of the profit. This takes us right back to the statute cited. N.J.S. 2A:16-52 allows declaratory relief even though "further relief * * * could be claimed," but further relief cannot be had unless a right has been invaded. Indeed N.J.S. 2A:16-54 is entirely explicit here; it sanctions a declaratory action as to a contract "before or after" its breach.
Declaratory relief, then, is of two sorts: that species wherein no right has been infringed, in which case a declaratory judgment is usually an exclusive remedy; and the species where a right has been infringed, with the consequence therefore that a declaratory judgment is merely an alternative or cumulative remedy. For the second class of cases, this is to be said. No social end will usually be gained in forcing upon a party a drastic or provocative remedy if a mild one will suit him and settle the controversy. Borchard, supra, 316; cf. note, 53 Col. L. Rev. 1130 (1953).
We have no fear that every action in contract would be made a suit for declaratory relief. Ordinarily where there is another adequate remedy, such as damages, the plaintiff would want his damages, not a pronouncement.

II.

Refusal of declaratory relief in the discretion of the court where there is a more effective remedy or where a declaratory action will not settle the controversy or where a person institutes a suit merely for a declaration that he has a good defense to an impending action.
Whether or not the court should award declaratory relief, is ordinarily a matter resting in judicial discretion. *571 Empire Trust Co. v. Board of Commerce, etc., 124 N.J.L. 406, 411 (Sup. Ct. 1940). There are a number of circumstances that will induce a court, in the exercise of this discretion, not to entertain declaratory relief, but only some have any pertinency here. However, it may be observed, ignorance of such circumstances, resulting in an unwarranted use of the declaratory action, may turn a valuable remedy into a nuisance.
In the first place, in the exercise of this discretion, declaratory relief should be declined  not merely (as stated in Point I above) because the plaintiff has another remedy  but because his other remedy would be more effective in settling the controversy. Justice Jacobs for our Supreme Court has recently given recognition to this proposition in Carls v. Civil Service Commission, 17 N.J. 215 (1955):
"The Commission's action clearly fell within the broad orbit of Rule 3:81 (now R.R. 4:88) which prescribed the simplest and most effective available mode for its judicial review; accordingly, the Appellate Division rightly took the position that there was no justifiable occasion for invoking the terms of the Declaratory Judgments Act." (Italics supplied), citing authorities, including Borchard, supra, 303.
Upon reflection it will be perceived that the words quoted, particularly when read in the light of Borchard's work, p. 303, furnish some recognition also of the proposition stated under Point I above. Further see Adams v. Atlantic City, 26 N.J. Misc. 259 (Sup. Ct. 1948).
What alternative remedy has the plaintiff here? The defendant is a little indefinite about that. It can hardly be maintained that under the circumstances here, an action for the rescission or cancellation of the contract would furnish an adequate remedy. Snider v. Freehold Theatre Co., 9 N.J. Misc. 85, 87 (E. & A. 1930); East Newark Realty Corp. v. Dolan, 15 N.J. Super. 288 (App. Div. 1951). And other remedies suggested fall wide of the mark. We conclude that here no relief is as effective as a declaratory judgment.
*572 We see no eventuality, which need now be reckoned with, that would induce the plaintiff here to return to court for supplemental relief of a coercive sort following the grant of declaratory relief. It is unnecessary therefore to deal with the question presented where only fragmentary redress will be awarded. N.J.S. 2A:16-60; Borchard, supra, 439; cf. Nystrom v. Pennycook, 29 N.J. Super. 456 (App. Div. 1954); but see 53 Col. L. Rev., supra, 1133; 62 Harv. L. Rev., supra, 806; 6 Moore's Federal Practice (2nd Ed.), § 57.10.
In one aspect, this last question is part of the larger inquiry whether the action would, so far as can reasonably be anticipated, settle the controversy between the parties. If it would not, then under N.J.S. 2A:16-61, the court may in its discretion refuse declaratory relief. Further see 62 Harv. L. Rev., supra, at 806. The only point suggested to us by this record, raising a controversy that may not be settled by a declaratory judgment, is defendant's demand for an account as to profits; but if he wishes that relief, he may counterclaim for it.
There is one other matter that goes to the exercise of the court's discretion here. Judge Jayne spoke of it in Township of Ewing v. Trenton, 137 N.J. Eq. 109 (Ch. 1945), wherein he expressed his doubts whether the Declaratory Judgments Act was intended to be utilized defensively in equity, to bag in advance a legal question in an imminent and impending law suit. We are not now concerned with jurisdictional deficiencies of former courts, though it might be pertinent to observe that a declaratory action does not enable a party to escape a jury trial. N.J.S. 2A:16-58; Borchard, supra, 399; 62 Harv. L. Rev. 799, 834 (1949). Declaratory relief is neither equitable, nor legal in its nature; on the contrary it takes on the color of either, depending upon the issue.
However, Judge Jayne had also in view another matter. In the usual case where an action by one party is imminent, it would serve no sensible purpose to permit his adversary to sue first for a declaration that he has a good defense *573 to the action. Borchard, supra, 303, 349. On the other hand, under some circumstances, if the suit is not imminent and the declaratory proceeding will relieve a party of a burden and would seem  in any event, through the interposition of a counterclaim  to settle the entire controversy, it may be unjust not to permit him to sue immediately to free himself of liability. Borchard, supra, 349; 53 Col. L. Rev., supra, 1140-1143.
The circumstances here, already mentioned, present no firm indication that a suit is imminent. Nor is there anything to show that this action, with a counterclaim filed by defendant if desired, will not terminate the controversy.

III.

Should a declaratory action be dismissed if, in the exercise of the trial court's discretion, declaratory relief should be denied?
But even if declaratory relief is not the most effective remedy or if it would not terminate the controversy, should the court dismiss the action, as was done here? Carls v. Civil Service Commission, 17 N.J. 215 (1955), supra, speaks strongly on the point. We have come a long way from those times when an error in the form of action was fatal to the case. Generally in New Jersey today, actions are not to be frustrated because of a mistake of procedure (Escoett v. Aldecress Country Club, 16 N.J. 438, 451 (1954)), unless the force of some major public policy intervenes. To be sure, in some cases dismissal of the declaratory action may be the proper course.
However, it is to be observed that the complaint in a declaratory action may differ from that filed in another type of action in no respect at all except in the demand for judgment. The mandatory terms of R.R. 4:55-4 was designed to prevent dismissal of an action because of an error in the demand:
*574 "* * * every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even though he has not demanded such relief in his pleadings, provided the parties have been given an adequate opportunity to be heard as to the relief granted."
If declaratory relief is sought and some other remedy obtainable in the same court is more effective, the rule indicates a means of redress.
Under the circumstances here, we think the case should not have been dismissed; defendant, if he so desired, could have served a counterclaim.

IV.

The scope of appellate review. Other points.
Defendant argues that this being a discretionary matter, the trial court should not be reversed in the absence of an abuse of discretion. On the other hand it has been said by some authorities that in such a case the appellate court should substitute its discretion freely for that of the trial court, putting upon the appellant merely the usual (Smith v. Mayor & Common Council of Newark, 33 N.J. Eq. 545, 552 (E. & A. 1881); McGowan v. Peter Doelger Brewing Co., 10 N.J. Super. 276, 281 (App. Div. 1950)) burden of showing error in the action below. Borchard, supra, 293; 6 Moore, supra, 3029; Delno v. Market St. Ry. Co., 124 F.2d 965, 968 (9th Cir., 1942); National Shawmut Bank of Boston v. Morey, 320 Mass 492, 498, 70 N.E.2d 316, 320, 174 A.L.R. 871 (Sup. Jud. Ct. 1946); but see Delaware L. & W.R. Co. v. Slocum, 299 N.Y. 496, 87 N.E.2d 532, 537 (Ct. App. 1949); 62 Harv. L. Rev., supra, at 816; Abbott v. Beth Israel Cemetery Ass'n. of Woodbridge, 13 N.J. 528, 548 (1953); Scharf v. Ramsey, 134 N.J.L. 67, 70 (Sup. Ct. 1946).
The authorities, so holding, rely partly upon a rule supposed to govern on an appeal in equity where a trial court in the exercise of its discretion grants or denies equitable relief. Cf. Worth v. Watts, 76 N.J. Eq. 299, 304 (E. & A. *575 1909). The point in general seems to be that where the problem presented below appears fully on the record  and where it involves neither the demeanor of witnesses and things that escape the record, nor matters that for practical reasons should be entrusted largely to the trial judge  the scope of appellate review should not be narrowed, nor the salutary check that goes with an appeal loosened.
But we need not consider these matters. Whatever the scope of appellate review (Smith v. Smith, 17 N.J. Super. 128 (App. Div. 1951)), we conclude that in this case there must be a reversal.
There is no question but that we have here an adversary proceeding, ripe for determination. New Jersey Turnpike Authority v. Parsons, 3 N.J. 235, 240 (1949). And defendant's arguments that the plaintiff was guilty of laches and barred by estoppel, we find to be without merit.
Reversed. Costs to abide the outcome of the proceedings below.