36 N.J. Super. 249 (1955)
115 A.2d 589
NATIONAL-BEN FRANKLIN FIRE INSURANCE COMPANY, A PENNSYLVANIA CORPORATION, AND MERCURY INSURANCE COMPANY, A MINNESOTA CORPORATION, PLAINTIFFS-APPELLANTS,
v.
CAMDEN TRUST COMPANY, A CORPORATION ORGANIZED UNDER THE BANKING LAWS OF NEW JERSEY, AS SUCCESSOR TRUSTEE UNDER AN INDENTURE OF MORTGAGE, AND ASSOCIATED REALTIES CORPORATION, A NEW JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 31, 1955.
Decided June 17, 1955.
*250 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. William T. Wachenfeld argued the cause for plaintiffs-appellants (Messrs. Lum, Fairlie & Foster, attorneys; Mr. Vincent P. Biunno on the brief).
Mr. James N. Butler argued the cause for defendants-respondents (Messrs. Moore, Butler & McGee, attorneys).
*251 The opinion of the court was delivered by CLAPP, S.J.A.D.
This is an action brought in the Superior Court, Chancery Division, by two insurance companies against Camden Trust Company, as trustee under an indenture of mortgage, and another party, asking for a declaratory judgment as to the effect of a prior judgment taken against the insurers by the trustee. The court under R.R. 4:12-2(e), dismissed the action holding that plaintiff insurers should seek the relief they were after, not through an action for a declaratory judgment, but by motion in the prior cause to have the prior judgment corrected, modified or clarified. 33 N.J. Super. 340 (Ch. Div. 1954). Plaintiffs appeal.
The prior judgment was secured in the Superior Court, Law Division, for fire losses as to certain property covered by the indenture. In the Law Division action the insurers admitted liability to the trustee for the losses. The only question in that case was as to the effect of the mortgagee clause in the fire insurance policies  in particular as to a provision thereof that became applicable by reason of the insurers' denial of any liability to the owner of the mortgaged premises.
The Law Division, dealing with that question, adjudged that the insurers were
"entitled to receive from the [trustee] an assignment of an interest in" the trustee's "bond and mortgage"; "but that said assignment * * * shall be junior in lien and right of collection to the rights of the" trustee.
By such assignment subsequently executed by the trustee, the trustee assigned to the insurers  "subject to the conditions set forth in [the Law Division] judgment"  the following:
"* * * an interest * * * in [the] Indenture of Trust Mortgage * * *
Together with the * * * Bonds or Obligations in said Indenture of Mortgage mentioned * * * to the extent of" the sums paid by the insurers on the Law Division judgment.
*252 The complaint in the declaratory action in the Chancery Division, filed three years later, seeks a declaration as to whether the judgment and assignment give the insurers the rights and status of bondholders under the trust mortgage. The bonds have been in default since 1939.
Plaintiffs do not seek a correction of the Law Division judgment such as is contemplated by R.R. 4:62-1, or relief from the judgment under R.R. 4:62-2, or an alteration or amendment of it under R.R. 4:61-6. Nor are they attempting to relitigate the former cause or collaterally to attack the judgment. Admittedly they are bound by the terms of the judgment, which is res judicata as to the issues there decided, Aetna Life Ins. Co. v. Martin, 108 F.2d 824 (8th Cir., 1940); they desire now, not to evade, but to determine the effect of the judgment. Cf. Roberts v. Hetrick, 125 N.J.L. 633 (E. & A. 1941); Developments in the Law  Declaratory Judgments, 62 Harv. L. Rev. 787, 840 (1949); 154 A.L.R. 740, 743.
The distinction between a correction or modification of a jural act and a determination as to its meaning and effect is too familiar in the law to require consideration here. 62 Harv. L. Rev., supra, at 841 (1949). We do not correct wills; we construe them (i.e., determine their meaning and effect). The processes are different in character and scope, though both might serve to bring clarity out of obscurity.
The authorities establish that a court can entertain a declaratory action in order to determine the significance and effect of a judgment. Talcott v. Talcott, 54 Cal. App.2d 743, 129 P.2d 946 (D. Ct. App. 1942); Lloyd v. Weir, 116 Conn. 201, 164 A. 386 (Sup. Ct. Err. 1933); Connecticut Savings Bank v. First Nat. Bank & Trust Co., 133 Conn. 403, 51 A.2d 907, 911 (Sup. Ct. Err. 1947); Ex Parte County Board of Education, 260 Ky. 246, 84 S.W.2d 59 (Ct. App. 1935); Stavros v. Bradley, 313 Ky. 676, 232 S.W.2d 1004 (Ct. App. 1950); Beach v. Beach, 57 Ohio App. 294, 13 N.E.2d 581 (Ct. App. 1937); Barnes v. Pierce, 36 Tenn. App. 181, 253 S.W.2d 33 (Ct. App. 1952); Borchard, Declaratory Judgments 356 (2nd ed. 1941); 154 *253 A.L.R. 750. Cf. Untermann v. Untermann, 35 N.J. Super. 367 (App. Div. 1955); J. Greenebaum Tanning Co. v. National Labor R. Board, 129 F.2d 487 (7th Cir. 1942), dealing with a special situation. There is no attempt here to secure an advisory opinion as to a hypothetical situation that might at some time be presented under the judgment, Ladner v. Siegel, 294 Pa. 368, 144 A. 274 (Sup. Ct. 1928); we apparently have before us a justiciable controversy ripe for determination. 62 Harv. L. Rev., supra, at 794 (1949); New Jersey Turnpike Authority v. Parsons, 3 N.J. 235, 241 (1949).
It might be well to say that we give no consideration to the question whether an action for a declaratory judgment is an appropriate remedy to determine the validity of a domestic judgment (as distinguished from the effect of a valid judgment). 154 A.L.R. 740, 749; cf. R.R. 4:62-2(d); Gray v. Cholodenko, 34 N.J. Super. 190, 194 (App. Div. 1955). And of course we in no way pass upon the issue whether plaintiffs have the status of bondholders under the indenture.
We may say then generally that the court can entertain a declaratory action in order to determine the effect of a judgment. The next question is whether in the exercise of the discretion entrusted to it under declaratory judgment procedure, the court should entertain the action here. Utility Blade & Razor Co. v. Donovan, 33 N.J. Super. 566, 570 (App. Div. 1955). Defendants claim declaratory relief should be denied. They say that plaintiffs had available to them a remedy more effective than a declaratory judgment; and that, besides, instead of terminating the controversy giving rise to the proceeding (N.J.S.A. 2A:16-61), a declaratory judgment would in fact serve merely as a step to further litigation. It should be said for the Chancery Division that its opinion was written before our decision in the Utility Blade & Razor Co. case.
We must consider what other remedy is available to the plaintiffs and what future litigation is indicated. Here, so far as suggested on the argument, the only other remedy *254 open to plaintiffs is for them to foreclose the mortgage and join the trustee as a defendant in the foreclosure action. However, the trustee's counsel admitted on the argument that if a declaratory judgment is rendered advising the trustee it has certain duties to the plaintiffs, it will undoubtedly perform them. In that event no further coercive relief as against the trustee will be called for. So a declaratory judgment would seem to be as effective as any other remedy for the purpose of disposing of the controversy now raised in the Chancery Division action.
But will it provide only fragmentary redress in other respects, and should declaratory relief therefore be denied? If a declaratory judgment is pronounced, making a declaration to the effect that plaintiffs have the status of bondholders, it may not terminate litigation since the trustee may then sue to foreclose the mortgage. Even so, such a judgment may be said to "terminate the * * * controversy giving rise to the proceeding." N.J.S.A. 2A:16-61; cf. Commissioners of Cambridge v. Eastern Shore P.S. Co., 192 Md. 333, 64 A.2d 151 (Ct. App. 1949). In any event the statute cited is permissive, not mandatory, leaving it to the court as a matter of discretion and not as a mere definitional operation to determine what constitutes "the * * * controversy."
The philosophy of our practice tends very strongly toward the avoidance of plural actions where one will serve the purpose. Having regard for this policy, the court must determine in its discretion whether it is advisable to deny a request for declaratory relief unless that request is amended so as to join with it other causes of action which might grow out of the declaratory judgment sought.
Plaintiffs may perhaps be seeking to avoid the burden and expense of foreclosing (of course joining the trustee as a defendant) a fourth mortgage for $601,000 as to which their assignment only gives them an interest restricted to a part of the premises covered by the mortgage. Of course, a foreclosure action might necessitate the bringing in, as parties defendant, of a considerable number of persons having interests in the property. In any event, we conclude that under *255 the circumstances an action for declaratory relief should be entertained here.
Usually when a declaratory judgment is sought as to a prior judgment of the Law Division, the declaratory action should be brought in that division. But here the relief desired is primarily equitable (R.R. 4:41-2), namely, to determine whether the judgment and assignment give plaintiffs the rights of bondholders  that is, whether plaintiffs are thereby constituted cestuis que trust of the type designated in the trust indenture as bondholders.
Reversed.